# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PAMELA LECOMPTE, <br><br> Plaintiff, <br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff brings this action against Defendant Portfolio Recovery Associates, LLC, ("PRA") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in

Ottawa County, and Defendant transacts business in Ottawa County.

## PARTIES

4. Plaintiff, Pamela LeCompte ("Ms. LeCompte") is a natural person who resides in the County of Ottawa, State of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Portfolio Recovery Associates, LLC, is a foreign limited liability company with a principal place of business located in Norfolk, Virginia.

8. Defendant PRA uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

9. PRA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## FACTUAL ALLEGATIONS

10. At some point prior to December of 2014, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes in the form of debt an obligation for a revolving credit account ("the Debt").

11. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime prior to 2017, Plaintiff defaulted on the Debt.

13. Sometime after Plaintiff's default, the Debt was sold, conveyed, delivered, consigned, placed, assigned, or otherwise transferred to Defendant PRA.

14. 15 U.S.C. § 1692c(a) states in relevant part, that "a debt collector may not communicate with a consumer in connection with the collection of any debt … (1) at any … time or place known or which should be known to be inconvenient to the consumer."

15. PRA called Plaintiff's home phone on March 29, 2017. During the call, Plaintiff told PRA's representative, who identified herself as Trista, that she was disabled, living in chronic pain, and that she had trouble getting to the phone to answer PRA's calls. Ms. LeCompte indicated to PRA's representative that all phone calls were inconvenient.

16. PRA's representative told Ms. LeCompte that she must submit a written request to PRA in order for PRA to cease communicating with her.

17. Plaintiff put PRA on notice that placing telephone calls to her home telephone was inconvenient.

18. Plaintiff began calling Ms. LeCompte from different phone numbers after March 29, 2017.

19. PRA called Ms. LeCompte's home phone at least two times on April 12, 2017.

20. PRA called Ms. LeCompte's home phone again on April 14, 2017, waking Ms. LeCompte from a sleep; she was unable to get to the phone in time to speak with PRA's representative who called.

21. Plaintiff called Ms. LeCompte's home phone at least three times on April 14, 2017.

22. Ms. LeCompte was able to answer the call from PRA at about 7:21 pm, on April 14, 2017. When she answered, she said "hello" a number of times, but after several seconds of silence, the call went dead.

23. PRA called Ms. LeCompte on April 24, 2017. When Ms. LeCompte answered the phone, there was several seconds of silence, a click, and then the call was disconnected by PRA.

24. PRA called Ms. LeCompte on the morning of April 28, 2017. When Ms. LeCompte answered the phone, there was several seconds of silence, then a click, and the call was disconnected by PRA.

25. During the afternoon of April 28, 2017, PRA called Ms. LeCompte's home. Ms. LeCompte explained again to PRA, that she did not want PRA calling her anymore. She again let PRA know that she was in chronic pain and disabled. PRA's representative, who indicated her name was Tempest,

told Ms. LeCompte that she had to written request to PRA to get PRA to stop calling her.

26. PRA's calls to Plaintiff's home after March 29, 2017, were made to a time of place known to be inconvenient to Ms. LeCompte.

27. PRA's calls to Plaintiff's home after March 29, 2017, were made to a time or place which should have been known to be inconvenient to Ms. LeCompte.

28. PRA's calls to Plaintiff after March 29, 2017, were intended annoy, abuse, or harass Ms. LeCompte.

29. PRA's statement to Ms. LeCompte indicating that Ms. LeCompte could only stop PRA's phone calls by sending a written request was false.

30. PRA's statement to Ms. LeCompte indicating that Ms. LeCompte could only stop PRA's phone calls by sending a written request was misleading.

31. PRA's statement to Ms. LeCompte indicating that Ms. LeCompte could only stop PRA's phone calls by sending a written request was deceptive.

32. PRA's statement to a consumer that the consumer must send a written request to stop PRA's calls would mislead the least sophisticated consumer.

33. PRA would be legally required to stop calling a consumer who filed bankruptcy.

34. PRA is prohibited, under 15 U.S.C. § 1692c(a)(1), from communicating with a consumer in connection with the collection of a debt at any unusual time or place.

35. PRA is prohibited, under 15 U.S.C. § 1692c(a)(1), from communicating with a consumer in connection with the collection of a debt at a time or place known to be inconvenient to the consumer.

36. PRA is prohibited, under 15 U.S.C. § 1692c(a)(1), from communicating with a consumer in connection with the collection of a debt at a time or place which should be known to be inconvenient to the consumer.

37. PRA would be legally required to stop calling a consumer who retained legal counsel and informed PRA of legal representation.

38. PRA would be legally required to stop calling a consumer if PRA found out the debt did not belong to the consumer.

39. Plaintiff has suffered an injury in fact traceable to Defendant PRA's conduct that is likely to be redressed by a favorable decision in this matter.

40. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of pain and suffering, frustration, despair, anger, upset.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant PRA and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

44. Defendant PRA violated 15 U.S.C. § 1692c(a)(1).

45. Defendant PRA violated 15 U.S.C. § 1692d.

46. Defendant PRA violated 15 U.S.C. § 1692d(5).

47. Defendant PRA violated 15 U.S.C. § 1692e.

48. Defendant violated 15 U.S.C. § 1692e(5).

49. Defendant violated 15 U.S.C. § 1692e(10).

50. Defendant violated 15 U.S.C. § 1692f.

51. As a result of PRA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PRA and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant PRA and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant PRA and for Plaintiff.

          Respectfully submitted,

          GOLDEN LAW OFFICES, P.C.

Dated: May 4, 2017

          /s/ B. Thomas Golden
          B. Thomas Golden (P70822)
          Attorney for the Plaintiff
          2186 West Main Street
          P.O. Box 9
          Lowell, Michigan 49331
          Telephone: (616) 897-2900
          Facsimile: (616) 897-2907
          btg@bthomasgolden.com